IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ELIZABETH T. RUNKLE,<br><br>                 Plaintiff,<br><br>vs.<br><br>ROSAUERS SUPERMARKETS, INC., BOB BURRIS, and RAY SPRINKLE,<br><br>                 Defendants. | CV 17-69-M-DLC-JCL<br><br>FINDINGS AND RECOMMENDATION |

This matter is before the Court on Defendants Rosauers Supermarkets, Inc., Bob Burris and Ray Sprinkle's Fed. R. Civ. P. 56 motions for summary judgment. For the reasons discussed, Defendants Burris and Sprinkle's motion should be granted, and Rosauers' motion should be denied.

**I. Background**

Runkle began working for Rosauers Supermarkets, Inc. ("Rosauers") in 2007 at its grocery store in Kalispell, Montana where she worked as a clerk. In January, 2014, Runkle disclosed to Bob Burris, the store manager, that she is disabled due to a mental illness. She alleges Burris thereafter made conditions of her employment difficult for her, and discriminated against her, all based on her disability. She asserts that ultimately she was constructively discharged from her

1

employment on September 18, 2016.

As a result of the discrimination Runkle allegedly experienced, she pursued her remedies with the Montana Human Rights Bureau. Ray Sprinkle, the chairman of the board and CEO of Rosauers' parent company, URM Stores, Inc., was involved in the Montana Human Rights Bureau's investigation. Runkle alleges Sprinkle further perpetuated the discrimination against her through his testimony and involvement in the investigation.

Runkle commenced this action with her complaint filed May 17, 2017. She advances claims against Defendants under the Americans with Disabilities Act.

## II. Applicable Law

Federal Rule of Civil Procedure 56(a) entitles a party to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In deciding a motion for summary judgment, the Court views the evidence in the light most favorable to the non-moving party and draws all justifiable inferences in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Betz v. Trainer Wortham & Co., Inc.*, 504 F.3d 1017, 1020-21 (9th Cir. 2007).

Additionally, because Runkle is appearing pro se in this action the Court must construe her documents liberally and give them "the benefit of any doubt"

with respect to Defendants' summary judgment motions. *Frost v. Symington*, 197 F.3d 348, 352 (9th Cir. 1999). *See also Erickson v. Pardus* 551 U.S. 89, 94 (2007).

### III. Discussion

#### A. Burris and Sprinkle

Runkle asserts her claims under authority of Titles I and V of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. (Doc. 1 at 6, and Doc. 40 at 1.) Title I of the ADA exposes "employers" to liability for discriminating against an employee based on a disability. 42 U.S.C. § 12112(a). *Walsh v. Nevada Department of Human Resources*, 471 F.3d 1033, 1036 (9th Cir. 2006). But the ADA limits the definition of "employers" to those who employ 15 or more workers. 42 U.S.C. § 12111(5)(a). As a result, individuals who are not "employers" cannot be held liable under Title I of the ADA. *Walsh*, 471 F.3d at 1038.

Burris and Sprinkle move for summary judgment dismissing Runkle's ADA claim under Title I because they are individuals and employees, not Runkle's employer.

Runkle responds by suggesting Burris and Sprinkle are "employers" under the ADA because they, as either her supervisors or executive managers within Rosauers' business structure, had authority to control the terms and conditions of

3

her daily work. But Runkle's suggestion is insufficient as Runkle was employed by Rosauers (doc. 14 at 2, ¶ 5), not Burris and Sprinkle, and neither Burris nor Sprinkle meet the statutory definition of an "employer" under the ADA. Supervisory employees do not qualify as "employers" under the ADA despite their authority to control, discipline, hire or fire an employee. *Stern v. California State Archives*, 982 F. Supp. 690, 692-94 (E.D. Cal. 1997). Therefore, Runkle's Title I claims against Burris and Sprinkle are subject to dismissal.

Title V of the ADA prohibits retaliation against an individual who opposes an act of discrimination prohibited under the ADA, or an individual who prosecutes or supports a claim of discrimination. 42 U.S.C. § 12203(a). However, a retaliation claim under Title V advanced against an individual is not a viable claim – Title V does not impose liability against an individual for employment-related retaliation. *Alford v. Barton*, 2015 WL 2455138, *8-9 (E.D. Cal. 2015); *Ahmed v. Regents of University of California*, 2018 WL 747796, *7 (S.D. Cal. 2018).

Furthermore, the ADA incorporates and adopts the powers, remedies and procedures set forth in Title VII of the Civil Rights Act of 1964. 42 U.S.C. §§ 12117(a) and 12188(a); *Walsh*, 471 F.3d at 1038. Thus, since Title VII of the Civil Rights Act does not provide for individual liability, Title V of the ADA similarly cannot impose liability against an individual. *Spiegel v. Schulmann*, 604 F.3d 72,

79 (2nd Cir. 2010). *See also Purcell v. American Legion*, 44 F. Supp. 3d 1051, 1056 (E.D. Wash. 2014) (citing *Spiegel* and cases in the Seventh, Tenth, and Eleventh Circuits).

Based on the foregoing, Runkle's ADA claims she advances against Burris and Sprinkle under Title V of the ADA are not cognizable claims since Burris and Sprinkle are individuals who are not subject to liability under the ADA. Therefore, Burris and Sprinkle's motion should be granted and Runkle's Title V claims should be dismissed.

### B. Rosauers

On June 23, 2016, as a result of what Runkle perceived as Rosauers' discrimination against her based on her disability, Runkle filed a discrimination claim against Rosauers with the Montana Department of Labor & Industry, Human Rights Bureau. (Doc. 46-1 at 8.) And on June 28, 2016, Runkle filed a charge of disability discrimination against Rosauers with the United States Equal Employment Opportunity Commission. (Doc. 46-1 at 11.)

Each of Runkle's two discrimination claims was dismissed. On December 21, 2016, the Human Rights Bureau issued its decision dismissing Runkle's complaint on the basis it found the allegations in the complaint were not supported by a preponderance of the evidence. (Doc. 46-1 at 13-14.) Similarly, on February

10, 2017, the Equal Employment Opportunity Commission issued its decision dismissing Runkle's charge of discrimination based on its adoption of "the findings of the state or local fair employment practices agency that investigated this charge." (Doc. 46-1 at 17.) The Commission's dismissal decision was accompanied by the required notice to Runkle of her right to file a civil action in an appropriate United States District Court within 90 days of her receipt of the notice. (Doc. 46-1 at 17-19.)

As noted, the procedures and remedies available to an aggrieved party under the ADA are the same as those available under the Civil Rights Act of 1964. 42 U.S.C. §§ 12117(a) and 12188(a). The Civil Rights Act imposes a 90-day statute of limitations for civil actions to be filed in federal court by an aggrieved party. 42 U.S.C. § 2000e-5(f)(1). The aggrieved party must file the civil action within 90 days after the Equal Employment Opportunity Commission dismisses a charge of discrimination, and the period of time serves as a statute of limitations. *Payan v. Aramark Management Service Ltd. Partnership*, 495 F.3d 1119, 1121 (9th Cir. 2007). If the civil action is not filed within the 90 days it is time-barred. *Id*.

The date on which the 90-day period commences is crucial. The time period starts "from the date on which a right-to-sue letter arrived at the claimant's address of record." *Payan*, 495 F.3d at 1122. If that actual date of arrival is unknown, then

the Courts estimate that arrival date based on the date of the Commission's disposition of the charge and its issuance of the notice of the right to sue to the claimant. Generally, the Courts presume that the date of the Commission's disposition is the date the notice was mailed to the claimant. *Id*. at 1123. And the Ninth Circuit adopted a rebuttable presumption that the notice arrived at the claimant's address three days after the date of the Commission's decision on the charge. *Id*. at 1125-26.

Here, the exact date that the Commission's notice of Runkle's right to sue arrived in Runkle's mailbox is not known. Thus, in accordance with the analysis in *Payan*, it is presumed the notice was mailed to Runkle on February 10, 2017, which gives rise to the rebuttable presumption that the notice arrived in Runkle's post office box three days later on February 13, 2017.

But Runkle has submitted her affidavit testimony stating that she checked her post office box on February 15, 2017, and the Commission's notice still was not in her box. (Doc. 60 at 1-2.) Thus, Runkle's affidavit is sufficient to rebut the presumption that the notice arrived on February 13, 2017.

Runkle asserts that although she did not check her post office box for several days after February 15, 2017, she first discovered the Commission's right-to-sue letter when she next checked her post office box on Monday, February 20, 2017.

She states she had not checked her post office box from February 16, 2017, through February 19, 2017. (Doc. 60 at 1.)

Rosauers complains that Runkle's testimony has created confusing inconsistencies which preclude the Court from finding that Runkle has adequately raised a genuine issue of material fact as to the date she received the right to sue notice from the Commission. In her brief in opposition to Rosauers' prior Fed. R. Civ. P. 12(b)(6) motion to dismiss, Runkle stated she received the Commission's notice on February 16, 2017. (Doc. 18 at 1.) But that statement was made in Runkle's brief, not in an affidavit. And Runkle now explains that she only meant that the earliest possible date the notice could have arrived in her box was February 16, 2017, but she cannot confirm that because she did not check her box on that date. (Doc. 51-1 at 3; Doc. 58 at 2-3.)

More importantly, and notwithstanding the alleged inconsistencies Rosauers points to, the legally controlling factual issue is the date on which the notice "arrived" at Runkle's address of record, not when she "received" it. And there exists no conflicting or inconsistent testimony in this case as to the dates on which Runkle checked her post office box only to discover that the Commission's notice had not yet arrived in her box by those dates. As late as February 15, 2017, the notice was not in Runkle's box.

Because the Commission's right to sue letter had not arrived in Runkle's post office box by February 15, 2017, the next earliest possible arrival date was February 16, 2017. Assuming the notice arrived on the 16th, that event commenced the 90-day statute of limitations, and the period expired on May 17, 2017. Runkle filed her complaint in this action on May 17, 2017, within the 90-day limitations period. Thus, Runkle's complaint is not time-barred, and Rosauers' motion should be denied.

**IV. Conclusion**

Based on the foregoing, IT IS RECOMMENDED that Burris and Sprinkle's motion for summary judgment should be GRANTED, and Runkle's claims advanced against them under the ADA should be DISMISSED.

The Court further finds Runkle commenced this action within the 90-day time limit applicable to the Commission's notice of her right to sue issued on February 10, 2017. Therefore, IT IS RECOMMENDED that Rosauers' summary judgment motion be DENIED.

DATED this 7th day of June, 2018.

_____
Jeremiah C. Lynch
United States Magistrate Judge