IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| ELIZABETH RUNKLE,<br><br>Plaintiff,<br><br>vs.<br><br>ROSAUERS SUPERMARKETS, INC., BOB BURRIS, and RAY SPRINKLE,<br><br>Defendants. | CV 17–69–M–DLC–JCL<br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendations in this case on June 7, 2018, recommending that Defendants Bob Burris ("Burris") and Ray Sprinkle's ("Sprinkle") Motion for Summary Judgment (Doc. 47) be granted and Defendant Rosauers Supermarkets, Inc.'s ("Rosauers") Motion for Summary Judgment (Doc. 44) be denied. (Doc. 69 at 9.) Rosauers timely filed an objection on June 13, 2018. (Doc. 70.) Consequently, Rosauers is entitled to de novo review of those findings and recommendations to which it has specifically objected. 28 U.S.C. § 636(b)(1)(C). Absent objection, this Court reviews findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474

-1-

U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted). "A party makes a proper objection by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010) (citation omitted).

Rosauers specifically objects only to Judge Lynch's factual finding that Plaintiff Elizabeth Runkle ("Runkle") disclosed to Burris, Rosauers' store manager, that she is disabled due to a mental illness in January of 2014. (Doc. 70 at 4.) Defendants assert that the date of Runkle's disclosure should not have been found by Judge Lynch because it was disputed by the Parties and immaterial to his decision on the summary judgment motions. (*Id.* at 5.) Upon review, this Court agrees. While Rosauers' Statement of Undisputed Facts merely states that "Runkle alleges she informed Rosauers that she had a mental health disability in 2014," (Doc. 46 at 2), Runkle's Statement of Disputed Facts counters with three pages supporting the specific date of January 15, 2014 (Doc. 61 at 3–6). Rosauers claims that it "carefully omitted any reference to a specific date . . . because this factual

detail was not material to the issues presented to the Court and because Rosauers knew this was a disputed fact. Rosauers has consistently opposed Plaintiff's assertion that she disclosed her disability on January 15, 2014." (Doc. 70 at 5.) Indeed, Rosauers has consistently contested the January 15, 2014, date throughout these proceedings. (*See* Docs. 16 at 5 (November 2014 disclosure); 39 at 4 (denying January 2014 disclosure).) Further, the exact date was not material to Judge Lynch's decision.

Reviewing the remaining portions of Judge Lynch's Findings and Recommendations for clear error and finding none,

IT IS ORDERED that Judge Lynch's Findings and Recommendations (Doc. 69) are ADOPTED IN PART AND REJECTED IN PART. The Court rejects Judge Lynch's factual finding that Runkle disclosed her mental illness to Burris in January of 2014 as this fact remains disputed by the Parties and is immaterial to Judge Lynch's decision. Judge Lynch's Findings and Recommendations are adopted in all other respects.

IT IS FURTHER ORDERED that Burris and Sprinkle's Motion for Summary Judgment (Doc. 47) is GRANTED and Runkle's claims against them under the ADA are DISMISSED.

IT IS FURTHER ORDERED that Rosauers' Motion for Summary Judgment (Doc. 44) is DENIED.

DATED this 12th day of July, 2018.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court